**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN MICHIGAN**

RALPH SOBOSLAY,

    Plaintiff,

v.

Case No.

Hon.

EXELA TECHNOLOGIES, a foreign corporation,
and SOURCE HOV, LLC., a foreign limited
liability company,

    Defendants.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES, Plaintiff, Ralph Soboslay (hereinafter "Soboslay"), by and through his attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for his Complaint against Defendants states as follows:

1. Plaintiff, Ralph Soboslay, is a resident of the City of Warren, County of Macomb and State of Michigan.

2. Defendant, Exela Technologies ("Exela") is a foreign corporation currently not listed with the Michigan Department of Licensing and Regulatory Affairs, Corporations Division whose world headquarters address is located at 2701 E. Grauwyler Road, Irving, Texas 75061.

3. Source HOV, LLC, ("HOV") is a Delaware limited liability company duly authorized to conduct business throughout the southeastern district of Michigan, whose resident

agent is CSC-Lawyer Incorporation Service and whose principal office address is located at 601 Abbot Road, East Lansing, Michigan 48823.

4. The events producing the original injury occurred in Oakland County, Michigan.

5. Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

6. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting harassment, discrimination, adverse employment action and wrongful termination in violation of the Americans with Disabilities Act of 1990 ("ADA"), the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621 and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, et seq., ("ELCRA") which resulted in emotional and economic damages to Plaintiff.

7. The amount in controversy exceeds $75,000.00 and is otherwise within the Jurisdiction of this Court.

## GENERAL ALLEGATIONS

8. Plaintiff incorporates by reference paragraphs 1 through 7 of the Complaint as though fully set forth herein.

9. Plaintiff has been disabled since 1987 due to a traumatic brain injury and epilepsy which substantially interfered with major life activities such as learning and understanding.

10. Plaintiff, Ralph Soboslay is a 73 year old male who began his employment with Defendant, HOV on or about May 21, 2007 and was most recently employed as a truck driver.

11. Upon information and belief sometime between 2012 and 2016 Defendant, HOV learned Plaintiff suffered from a disability and required him to sign a document attesting that he was disabled.

12. Despite his disability Plaintiff was able to perform the essential functions of his job.

13. In 2017 Defendant Source HAV merged with another company and created Defendant, Exela Technologies.

14. After the consolidation, Plaintiff's job and responsibilities remained the same, but Plaintiff got a new supervisor.

15. In the beginning/middle of October 2017 Plaintiff was told that he had 80 hours of Personal Time Off ("PTO") unused and that he had to use it before the end of the year so Plaintiff started a vacation.

16. When Plaintiff returned from his vacation he was terminated due to his age and disability.

17. Plaintiff was replaced by a younger man who did not suffer from a disability.

18. The younger person who replaced Plaintiff did not have as much experience as Plaintiff and in fact Plaintiff trained his replacement before learning he was being terminated.

19. At all relevant times Plaintiff did his job in an exemplary manner as evidence by Defendants' confidence in having him train his replacement.

20. Plaintiff was the only person terminated at that time and his replacement is still currently working in Plaintiff's former position.

21. During the time period in question, Defendant was Plaintiff's employer and Plaintiff was its employee within the meaning of the FMLA.

22. Defendant' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

23. On June 25, 2018 the EEOC issued a Right-to-Sue letter to Plaintiff.

## COUNT I
## AGE DISCRIMINATION

24. Plaintiff incorporates by reference paragraphs 1 through 23 of the Complaint as though fully set forth herein.

25. Pursuant to the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621 and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq.*, ("ELCRA") Plaintiff is guaranteed the right to be free from discrimination and/or termination from his employer and/or supervisors based upon his age.

26. Plaintiff's age was a factor in Defendants' employment decisions, including adverse employment actions and termination.

27. Defendant was Plaintiff's employer within the meaning of the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621 and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq.*, ("ELCRA").

28. The age discrimination and adverse employment actions by Defendant had the purpose and/or effect of substantially interfering with Plaintiff's employment.

29. The age discrimination and conduct by Defendant and Defendant's failure to take any remedial action violate the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621 and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq.*, ("ELCRA").

30. As a proximate result of the age discrimination and conduct by Defendant and Defendant's failure to take remedial action against the age discrimination, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

**COUNT II**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

31. Plaintiff incorporates by reference paragraphs 1 through 30 of the Complaint as though fully set forth herein.

32. At all times relevant Plaintiff suffered from a traumatic brain injury and epilepsy which Defendant regarded to substantially interfere with major life activities and be a disability under The Americans with Disabilities Act of 1990 ("ADA").

33. Defendant perceived and regarded Plaintiff as being a person with a disability because, among other things, Plaintiff suffered from a traumatic brain injury and epilepsy.

34. Pursuant to the ADA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from his employment by his employer and/or supervisors based upon his disability.

35. Plaintiff's disability was a factor in Defendant's employment decisions, including, termination.

36. Defendant is an employer within the meaning of the ADA.

37. Plaintiff has been subjected to discriminatory and retaliatory treatment based upon his perceived or regarded disability, by Defendant, its employees and agents to the point where his status as an employee has been detrimentally affected and he was terminated by Defendant.

38. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

39. Defendant and its agents, employees and representatives, by reason of the following acts and/or omissions:

> a. Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for his disability; and

      b. Violating the laws against discrimination by terminating Plaintiff based exclusively upon his disability.

40. Defendant breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

      a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

      b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over disabled employees;

      c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace;

      d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees; and

      e. Terminating Plaintiff based upon his disability.

41. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant, and its agents and employees.

42. Because of the unlawful conduct of Defendant, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants in an amount in excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

Dated: September 7, 2018

## DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff, Ralph Soboslay, by and through his attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

Dated: September 7, 2018